# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | Case No.  1:15-cv-00008-LJO-SAB HC |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| JOE A. LIZARRAGA, et. al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 29, 2014, Petitioner filed the instant Petition.[1] (Pet., ECF No. 1).  On April 28, 1995, Petitioner was convicted of Lewd or Lascivious Acts, in violation of Cal. Penal Code § 288(a), in the Tuolumne County Superior Court. (Pet. at 2).[2] Petitioner was sentenced to 85 years to life.  (Pet. at 2).

Petitioner alleges the following grounds for relief in his federal petition: (1) Cal. Penal Code § 288 was not validly enacted, so the trial court lacked jurisdiction to convict and sentence him; (2) Cal. Penal Code § 667 is illegal because California did not seek authorization from the

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).
[2] Page numbers refer to the ECF pagination.

1

Appropriations Committee of the California Legislature for the greater amount of taxes necessary to pay for increased periods of incarceration, and it was not validly enacted; (3) Government officials' failure to respond to Petitioner's documents means that his allegations are true and he should be released; (4) The prosecutors and judges did not have the authority to act in his case, because the California Bar is not valid; (5) California has no jurisdiction over him; (6) The two sentence enhancements should be served after the indeterminate sentences are complete; and (7) His out-of-state conviction should not have been used to enhance the punishment of his California conviction involved in this petition.

## I.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on January 15, 1997. Thus, direct review concluded on April 15, 1997, when the ninety (90) day period for seeking review in the United States Supreme Court expired. See Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Brown v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Therefore, the statute of limitations expired on April 15, 1998, absent applicable tolling. However, Petitioner delayed filing the instant petition until December 29, 2014, over sixteen years beyond the expiration of the statute of limitations. Therefore, Petitioner's federal petition is untimely absent any applicable tolling.

### C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.

The statute of limitations began to run on April 15, 1997, and expired on April 15, 1998. Petitioner claims that he has filed two habeas petitions in the California state courts. (Pet. at 3-4). Although Petitioner filed two post-conviction collateral challenges with respect to the pertinent judgment or claim in state court, the petitions did not operate to toll the statute of limitations. Petitioner's first state habeas petition was filed in the Tuolumne County Superior Court on September 11, 2013, over fifteen years after the limitations period expired. (Pet. at 3). Subsequently, on February 3, 2014, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Pet. at 4). When the limitations period had already expired at the time the collateral challenge was filed, the collateral challenges had no tolling consequences. See Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Therefore, Petitioner is not entitled to statutory tolling for his two state habeas petitions, because his first state habeas petition was filed after the expiration of the limitations period. Thus, it appears that Petitioner's federal petition is untimely, absent equitable tolling.

### D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997)). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner claims that there is no statute of limitations when fraud is present. However, Petitioner's fraud argument regarding the statute of limitations goes to the merits of his claims,

4

and does not address why he should be entitled to equitable tolling. Petitioner also claims that there is an ongoing impediment to filing his petition. However, Petitioner does not provide any specific reasons why he was unable to file his state habeas petition for over fifteen years after the expiration of the statute of limitations. Petitioner also doesn't explain what impediments prevented him from filing his federal habeas petition for over sixteen years after the expiration of the statute of limitations. In addition, Petitioner does not explain how he was able to file the instant federal petition if there are still ongoing impediments that affect his ability to file documents with the Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **February 25, 2015**

UNITED STATES MAGISTRATE JUDGE