# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON,<br><br>  Petitioner,<br><br>  v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>  Respondents. | Case No. 1:15-cv-00008-LJO-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE AND MOTION TO STRIKE ORDER (ECF NO. 18)<br><br>ORDER DENYING PETITIONER'S REQUEST TO CERTIFY CHALLENGE TO CONSTITUTIONALITY OF STATUTE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 6, 2015, Petitioner filed a motion to strike the Court's June 19, 2015 order denying the motion to expedite ruling and a motion to recuse the undersigned from this action. (ECF No. 18).

## I.

## MOTION TO RECUSE THE UNDERSIGNED

Pending before the Court is Petitioner's motion to recuse the undersigned judge. (ECF No. 18). A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). Opinions formed during the course of judicial proceedings "almost never constitute a valid basis for a bias or

1

partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994).  Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551.  "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)).  "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Petitioner alleges that the undersigned must recuse himself because the undersigned construed Petitioner's June 19, 2015 motion as a motion to expedite the ruling and denied the motion.  The undersigned is not concerned with his ability to remain impartial.  There is no evidence of any impropriety in the record and Petitioner is unable to point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal.  See Liteky, 510 U.S. at 555–56.  Therefore, the undersigned will not recuse himself.

## II.

## MOTION TO STRIKE ORDER

Petitioner requests that, pursuant to Federal Rule of Civil Procedure 12(f), the Court strike the June 24, 2015 order denying Petitioner's motion to expedite the ruling.  In the Court's June 24, 2015 order, it construed Petitioner's motion to enter an order granting the habeas petition and releasing Petitioner as a motion to expedite proceedings and denied the motion.

First, the Court notes that Federal Rule of Civil Procedure 12(f) is for a court striking something from a pleading of one of the parties, and not for a court striking an order from the court.  It appears that Petitioner is requesting that the Court reconsider in light of Petitioner's clarifications in the instant motion the Court's June 24, 2015 order denying the motion to enter an order granting the habeas petition and releasing Petitioner.

Although Petitioner did not explicitly request to expedite the proceedings, when liberally

construing the motion, the Court found that the motion appeared to be a request for the Court to enter a habeas ruling for Petitioner and release Petitioner from custody.  In Petitioner's July 6, 2015 motion to strike, he states that the June 19, 2015 motion to enter an order granting habeas petition and releasing petitioner "was only saying that his Proposed Order be filed (or the Judge Issue his own) when the time comes for Ruling." (ECF No. 18).  Petitioner claims that the undersigned is remediless and cannot further participate in the action.  Petitioner's request amounts to a request for the undersigned to recuse himself and for the District Judge to enter orders in this action.

As discussed above, the undersigned does not find reason to recuse himself.  The Court notes that after the thirty day period for filing objections passes, the assigned District Judge will review the Findings and Recommendation pursuant to 28 U.S.C. 636(b)(1)(c) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Therefore, the Court does not find reason to alter its denial of Petitioner's motion to enter an order granting habeas petition and releasing Petitioner and the motion for reconsideration of the Court's June 24, 2015 order is denied.

### III.

### REQUEST TO CERTIFY CONSTITUTIONAL CHALLENGE

Petitioner requests certification of his constitutional challenge pursuant to Rule 5.1 of the Federal Rules of Civil Procedure.  In accordance with Rule 5.1(b), this court "must" certify to the appropriate attorney general that a statute has been challenged.  However, this Rule does not apply in this case because Respondent is an employee of the State of California being sued in his official capacity.  The Respondent in this case is Warden Joe Lizarraga, who was sued in his official capacity.  Therefore, the request for certification is denied.[1]

---

[1] In addition, for two of Petitioner's challenges, he does not precisely state constitutional questions to state or federal statutes.  For a challenge to the constitutionality of a state or federal statute, Rule 5.1(a) of the Federal Rules of Civil Procedure requires notice of the constitutional question stating the question and identifying the paper that raises it. Petitioner merely states that he is challenging the constitutionality of "Deering's or West's Penal Code Section(s) Numbers as 'Law'" and that he challenges "The alleged STATE BAR ACT (Stats 1927, Ch. 34, § 2.)." (ECF No. 10).  Petitioner does not precisely state why these are unconstitutional and the challenge to "Deering's or West's Penal Code Section(s) Numbers as 'Law'" is not a challenge to the constitutionality of a state statute.

# IV.
# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to strike the Court's June 24, 2015 order is DENIED;
2. Petitioner's motion to recuse the undersigned is DENIED;
3. Petitioner's motion for reconsideration of the Court's June 24, 2015 order denying Petitioner's motion to enter an order granting the habeas petition and releasing Petitioner is DENIED; and
4. Petitioner's request for certification of constitutional question pursuant to Rule 5.1 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated:   **July 23, 2015**

UNITED STATES MAGISTRATE JUDGE