# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Respondents. | Case No.  1:15-cv-00008-LJO-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br>(ECF No. 27) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 23, 2015, the Magistrate Judge issued a  findings and recommendation that recommended that the petition be dismissed for violating the limitations period of 28 U.S.C. § 2244.  (ECF No. 15).  On August 10, 2015, the undersigned adopted the findings and recommendation, dismissed the petition, declined to issue a certificate of appealability, and denied Petitioner's request for permission to file an interlocutory appeal of the Magistrate Judge's July 24, 2015 order.  (ECF No. 23).  On August 24, 2015, Petitioner filed a motion for reconsideration and a notice of appeal.  (ECF Nos. 25, 27).

A petitioner may file a motion for reconsideration of a final judgment, and the motion may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  As Petitioner filed his motion for reconsideration

1

1  within 28 days of the entry of judgment, the Court considers the motion under Rule 59(e).

2      Petitioner's arguments do not merit reconsideration of the dismissal.  The Court found
3  that Petitioner violated the limitations period of 28 U.S.C. § 2244(d).  Petitioner claims that there
4  is no statute of limitations when fraud is present.  However, as Petitioner is a state prisoner
5  pursuant to a state court judgment, there is a 1-year period of limitation.  As previously stated, it
6  is clear that Petitioner's direct review concluded on April 15, 1997.  Petitioner has not
7  sufficiently presented that an impediment by State action prevented him from filing his federal
8  petition.  Therefore, the period of limitations for Petitioner's claims began to run on April 16,
9  1997, and concluded on April 15, 1998.  Petitioner is not entitled to any statutory tolling in this
10 case because the limitations period had already expired at the time that the collateral challenges
11 were filed.  See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  As Petitioner has not
12 demonstrated that he has been pursuing his rights diligently or that an extraordinary
13 circumstance prevented him from filing his habeas petition, he is not entitled to equitable tolling.
14 Therefore, Petitioner's petition is untimely.  Petitioner also did not show that he is entitled to the
15 actual innocence gateway to pursue his habeas petition as if it had been filed on time.  Thus,
16 Petitioner violated the limitations period.  The Court notes that the order adopting the findings
17 and recommendations has page numbers, but the page numbers must have cut off when it was
18 printed to be served on Petitioner.  The Court also notes that the order was properly signed.

19     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is
20 DENIED and Petitioner's notice of appeal, filed on the same date as his motion for
21 reconsideration, is deemed effective as of the date of this order.

IT IS SO ORDERED.

Dated:   **August 27, 2015**              **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE